UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John R. Griffin

    v.                                                    Civil No. 16-cv-382-JD

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

John R. Griffin has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1). The petition is here for preliminary review to determine whether Griffin's claims are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a facially valid claim to relief that is cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Background

Griffin was charged with offenses relating to a bank robbery that occurred on September 11, 2013, in Merrimack, New Hampshire. The state court, following an evidentiary hearing on May 8, 2014, denied Griffin's motion to suppress evidence recovered from him by Merrimack Police Department ("MPD") officers on September 11, 2013. Griffin pleaded guilty to those charges and was sentenced to a term of imprisonment.

Griffin was released on parole in 2016. While on parole, Griffin litigated a state habeas petition and mailed a letter to the prosecutor in his criminal case, Assistant Hillsborough County Attorney Nicole Thorspecken, regarding a motion for reconsideration Griffin was filing in that state habeas petition ("May 2016 Letter"). The letter was considered to be threatening, and Griffin's mailing of that letter led to parole revocation proceedings.

The New Hampshire Adult Parole Board revoked Griffin's parole in June 2016, after a hearing. Griffin is currently in state prison, serving the sentence imposed on the bank robbery conviction, following the June 2016 revocation of his parole.

Claims

The petition asserts the following claims for relief:

1. On September 11, 2013, MPD Lt. Paul Trepaney subjected

Griffin to (a) a Terry stop without a reasonable suspicion that Griffin had committed a crime; and (b) a warrantless arrest without probable cause, in violation of Griffin's Fourth Amendment rights.

2. MPD Lt. Paul Trepaney engaged in "deliberate deception" and lied under oath in the May 8, 2014 hearing on the motion to suppress evidence, in violation of Griffin's Fourteenth Amendment right to due process.

3. The prosecutor in Griffin's criminal case knowingly presented MPD Lt. Trepaney's false testimony in the May 8, 2014 hearing on the motion to suppress, in violation of Griffin's Fourteenth Amendment right to due process.

4. Griffin's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel in connection with the May 8, 2014 suppression hearing, in that:

   a. Griffin's trial counsel, Attorney Donald Blaszka, Jr., failed to offer exculpatory evidence at the suppression hearing;

   b. Trial counsel failed to read discovery materials, in preparation for the suppression hearing;

   c. Trial counsel failed to confer with Griffin, in preparation for the suppression hearing;

   d. Trial counsel failed to maintain a duty of loyalty to Griffin at the suppression hearing; and

   e. Trial counsel failed to call police witnesses MPD Det. Jim Sullivan and MPD Officer Daniel Lindblom, to impeach the testimony of Lt. Trepaney at the suppression hearing.

5. Parole Board proceedings that resulted in the revocation of Griffin's parole in June 2016 were initiated in retaliation for Griffin's May 2016 Letter to the prosecutor in Griffin's criminal case, in violation of Griffin's First Amendment rights.

6. Griffin's conviction, state proceedings relating to Griffin's motion to suppress, the December 31, 2014 order denying Griffin's motion to suppress, and the revocation of

3

parole violated Griffin's state constitutional rights.

7. The December 31, 2014 order denying Griffin's motion to suppress, issued by Superior Court Judge Kathleen McGuire:

    a. Violated Griffin's Sixth Amendment right to compulsory process to obtain witnesses in his favor.

    b. Is plain error and an unsustainable exercise of discretion;

    c. Is based on an unreasonable determination of facts, under 28 U.S.C. § 2254(d)(2); and/or

    d. Is contrary to federal law established by the holdings of the Supreme Court and/or is an unreasonable application of that law, under 28 U.S.C. § 2254(d)(1).

## Discussion

### I. Claim 1

Claim 1 asserts violations of Griffin's Fourth Amendment rights. There are few circumstances in which a Fourth Amendment claim may provide grounds for federal habeas relief. See Sanno v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001) ("federal habeas court ordinarily cannot revisit a state court's disposition of a prisoner's Fourth Amendment claims" (citing Stone v. Powell, 428 U.S. 465, 482 (1976)). A decision regarding whether Claim 1 may proceed in this case is appropriately resolved after respondent appears. Accordingly, without prejudice to respondent's ability to move to dismiss any claim on any valid basis, the court has issued an order this date directing service of the petition.

4

**II. Claim 6**

Griffin has asserted claims for relief in the petition (identified collectively as Claim 6, above) based on alleged violations of his state constitutional rights. The federal habeas statute, 28 U.S.C. § 2254(a), provides that "a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (internal quotation marks and citation omitted). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Id. (citation omitted). Accordingly, Claim 6, as identified above, alleging violations of Griffin's state rights under the state constitution, should be dismissed.

**III. Claim 7**

A. Claim 7(a)

In the claim summarized above as Claim 7(a), Griffin asserts that Judge McGuire's December 31, 2014 Order denying Griffin's motion to suppress violated Griffin's Sixth Amendment right to "compulsory process for obtaining witnesses in his favor." Judge McGuire's order is not part of this court's record at this time. Nothing stated in the petition or elsewhere in the record here suggests that a facially valid

claim of a denial of the Sixth Amendment right of compulsory process could be present in this case. Accordingly, the district judge should dismiss Claim 7(a), without prejudice to Griffin's ability to file a timely motion to amend the petition to state a facially valid claim of a denial of his Sixth Amendment right to compulsory process.

    B.    <u>Remaining Subparts of Claim 7</u>

The remainder of Claim 7, subparts (b), (c), and (d) above, sets forth arguments about the standard of review that this court should apply in reviewing Griffin's Fourth and Fourteenth Amendment claims relating to the denial of Griffin's motion to suppress. Claim 7(b) asserts that Judge McGuire's order is based on findings and rulings that are "plain error" and an "unsustainable exercise of discretion," which are two types of standards of review that could be applied if this court sat in the shoes of an appellate court reviewing Judge McGuire's order. But this court is not the New Hampshire Supreme Court, and those particular standards are generally inapplicable to this court's inquiry in reviewing a § 2254 petition. And while this court will look to the standards set forth in 28 U.S.C. § 2254(d) in determining how much deference is due to Judge McGuire's findings and rulings regarding matters that were adjudicated on the merits, Griffin's arguments about Judge McGuire's findings of fact and conclusions of law, set forth in the pertinent

subparts of Claim 7, do not state separate, facially valid bases for this court to find that Griffin's custody violates his federal rights. Accordingly, the claims summarized above as Claims 7(b), (c), and (d), should be dismissed, to the extent Griffin seeks to assert them as separate grounds for relief.

## Conclusion

For the foregoing reasons, the district judge should dismiss Claims 6 and 7, as identified in this Report and Recommendation. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 5, 2017

cc: John R. Griffin, Jr., pro se

7