UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John R. Griffin, Jr.

    v.                                   Civil No. 16-cv-382-JD
                                         Opinion No. 2017 DNH 138

Warden, New Hampshire
State Prison for men

O R D E R

John Griffin, who is proceeding pro se, seeks a writ of
habeas corpus pursuant to 28 U.S.C. § 2254 for relief from his
state conviction on bank robbery charges and the subsequent
revocation of his parole.  As construed on preliminary review,
Griffin alleges five claims in support of his petition.  The
Warden has filed an answer, and counsel states that she is in
the process of obtaining copies of Griffin's state court
filings.

Griffin has moved for modification of his custody status,
for discovery, for an evidentiary hearing, and for sanctions.
The Warden objects to those motions.  Griffin filed a response
to the Warden's objection.

I.  Custody

Griffin asks the court to order the Warden to release him
on his own recognizance.  In support, Griffin asserts that he
has presented a strong showing in support of his petition and

that he is not a danger to the public.  The Warden objects, arguing that Griffin does not meet the requirements for release while his habeas petition is pending.

A habeas petitioner has no presumption of innocence, and instead, the state has "a substantial interest in executing its judgment."  Glynn v. Donnelly, 470 F.2d 95, 99 (1st Cir. 1972). For those reasons, there is "a formidable barrier for those who seek interim release while they pursue their collateral remedies."  Id.  In order to seek release on bail, a § 2254 petitioner must show both that he has raised substantial questions in support of his petition on which he has a high likelihood of success and that extraordinary circumstances support release.  Marchetti v. O'Brien, 2016 WL 5660412, at *5-6 (D. Mass. Sept. 29, 2016); Graham v. Sabol, 2010 WL 971820, at *1-*2 (D. Mass. Mar. 9, 2010).

Griffin has made neither showing here.  Therefore, Griffin cannot be released on personal recognizance.

II.  Discovery

Griffin moves for discovery under Rule 6 of the Rules Governing Section 2254 Cases before the Warden has filed the materials required under Rule 5.  He asks to have the Warden produce his state habeas petition with supporting documentation, police reports and other documents related to the robbery on

2

September 11, 2013, the transcript of his suppression hearing, and state court documents.  Griffin represents that the documents he seeks were filed with his state habeas petition and should be part of the state record of that proceeding.

In the answer, counsel for the Warden represents that she is in the process of obtaining the pleadings filed with the New Hampshire Supreme Court.  Counsel explains further in the response to Griffin's motion what documents have been obtained and the efforts taken to obtain transcripts.  Counsel anticipates that the transcripts will be ready soon and plans to file and send to Griffin copies of the court record documents with the transcripts.

Despite Griffin's accusations of dishonesty and a lack of due diligence by counsel for the Warden, nothing out of the ordinary appears to have occurred.  Once counsel files and provides to Griffin the materials required by Rule 5, Griffin will have the opportunity to file a motion under Rule 6, if necessary, to obtain additional documents.

III.  Hearing

Griffin seeks an evidentiary hearing because the Warden has not yet produced the record from his habeas proceeding in state court.  Griffin's motion is premature because the Warden has been directed to file the materials required by Rule 5.  See

Order, doc. no. 29; see also Rule 8, Rules Governing Section 2254 Cases.

IV.  Sanctions

Griffin seeks sanctions against the Warden under Federal Rule of Civil Procedure 37 because the Warden has not yet produced the state court record.  The Warden has been directed to comply with Rule 5 and has represented that those materials will be filed as soon as the transcripts are received by counsel.  Therefore, sanctions are neither needed nor appropriate.

## Conclusion

For the foregoing reasons, the petitioners motion for a change in his custody status (document no. 35), motion for discovery (document no. 36), motion for an evidentiary hearing (document no. 37), and motion for sanctions (document no. 34) are denied.

The Warden shall file and provide to Griffin the materials required by Rule 5 **on or before August 1, 2017,** or file a status report to explain the delay.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

July 17, 2017

cc:  John R. Griffin, pro se
     Elizabeth C. Woodcock, Esq.