UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John Griffin

    v.                                          Civil No. 16-cv-382-JD
                                                    Opinion No. 2017 DNH 169
Warden, New Hampshire State Prison


O R D E R

    John Griffin, who is proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for relief from his state conviction based on his plea of guilty to theft by unauthorized taking and the subsequent revocation of his parole. As construed on preliminary review, Griffin alleges five claims in support of his petition. The warden moves to dismiss all claims, and Griffin objects. More recently Griffin filed a motion for sanctions and a motion, titled as an affidavit, for disqualification of the magistrate judge from this case.

Standard of Review

    The Federal Rules of Civil Procedure apply to habeas proceedings under § 2254 as long as the rules are not inconsistent with statutory provisions and rules that apply to habeas proceedings. Rule 12, Rules Governing § 2254 Cases in the United States District Court. Although the warden's motion is titled as a motion to dismiss, because the warden has filed

an answer, the motion is considered as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the standard used for motions under Rule 12(b)(6). HSBC Realty Credit Corp. v. O'Neill, 745 F.3d 564, 570 (1st Cir. 2014). In that review, the court accepts all well-pleaded facts as true and resolves reasonable inferences in the plaintiff's favor. O'Shea v. UPS Retirement Plan, 837 F.3d 67, 77 (1st Cir. 2016). To survive a motion under Rule 12(b)(6), the complaint must state sufficient facts to support a plausible claim for relief. In re Curran, 855 F.3d 19, 25 (1st Cir. 2017).

For purposes of a motion to dismiss and a motion for judgment on the pleadings, the court generally is limited to the allegations in the complaint. Fed. R. Civ. P. 12(d). The court, however, may consider documents and materials whose authenticity is not disputed that are submitted with the complaint, referred to in the complaint, or submitted with the answer to the complaint. Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007). Because other documents must be filed with an answer to a § 2254 petition, the court may consider those documents and materials along with documents and materials filed by the petitioner in support of the petition. Rule 5, Rules Governing § 2254 Cases.

## Background

Griffin was arrested in September of 2013 for robbing the Bank of America in Merrimack, New Hampshire. He was charged with armed robbery, robbery, theft, and carrying a firearm without a license. His counsel moved to suppress evidence obtained by officers of the Merrimack Police Department who stopped and searched Griffin after receiving a dispatch about the robbery. The superior court denied the motion to suppress and denied the motion for reconsideration.

After the motion to suppress was denied, Griffin decided to plead guilty. During the hearing on his guilty plea held on September 3, 2015, Griffin told the judge that he did not intend to hurt anyone, which was an element of the offense of robbery. As a result the hearing was terminated. Later that day, the hearing resumed and Griffin pleaded guilty to theft by unauthorized taking. In the acknowledgment and waiver of rights, which he signed, Griffin agreed that he admitted the truth of the charge of theft by unauthorized taking. Griffin was sentenced on September 3, 2015, to three to six years in prison and was released on parole in March of 2016.

On February 25, 2016, Griffin filed a pro se petition for habeas corpus relief in state court in which he raised claims of prosecutorial misconduct, plain error by the trial judge in

3

denying the motion to suppress, and ineffective assistance of counsel. The state court held a hearing on May 6, 2016. Based on Griffin's hearing testimony, the court concluded that Griffin's claims "boil down to the fact that after a Motion to Reconsider the denial of the Motion to Suppress was denied, he claims Attorney Introcaso refused to file an interlocutory appeal, he was forced to plead guilty. . . . In substance, he claims that his plea was involuntary because he was not provided the effective assistance of counsel during plea bargaining." Superior Court Order, May 16, 2016, at 3, Doc. 33-1. The court denied the petition based on Griffin's statements during his change of plea hearing and denied his motion for reconsideration.

In May of 2016, Griffin sent a letter to the prosecutor in his criminal case that was deemed to be threatening. As a result, the parole board revoked Griffin's parole in June of 2016. Griffin did not appeal that decision and is currently serving the remainder of his sentence.

Griffin filed his habeas petition in this court on August 22, 2016. As construed on preliminary review, Griffin brings the following claims:

1. On September 11, 2013, MPD Lt. Paul Trepaney subjected Griffin to (a) a Terry stop without a reasonable suspicion that Griffin had committed a crime; and (b) a warrantless arrest

4

without probable cause, in violation of Griffin's Fourth Amendment rights.

2. MPD Lt. Paul Trepaney engaged in "deliberate deception" and lied under oath in the May 8, 2014 hearing on the motion to suppress evidence, in violation of Griffin's Fourteenth Amendment right to due process.

3. The prosecutor in Griffin's criminal case knowingly presented MPD Lt. Trepaney's false testimony in the May 8, 2014 hearing on the motion to suppress, in violation of Griffin's Fourteenth Amendment right to due process.

4. Griffin's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel in connection with the May 8, 2014 suppression hearing, in that:

a. Griffin's trial counsel, Attorney Donald Blaszka, Jr., failed to offer exculpatory evidence at the suppression hearing;

b. Trial counsel failed to read discovery materials, in preparation for the suppression hearing;

c. Trial counsel failed to confer with Griffin, in preparation for the suppression hearing;

d. Trial counsel failed to maintain a duty of loyalty to Griffin at the suppression hearing; and

e. Trial counsel failed to call police witnesses MPD Det. Jim Sullivan and MPD Officer Daniel Lindblom, to impeach the testimony of Lt. Trepaney at the suppression hearing.

5. Parole Board proceedings that resulted in the revocation of Griffin's parole in June 2016 were initiated in retaliation for Griffin's May 2016 Letter to the prosecutor in Griffin's criminal case, in violation of Griffin's First Amendment rights.

## Discussion

The warden moves to dismiss all five of Griffin's claims. In support, the warden contends that claims one, two, and three are procedurally barred because the New Hampshire Supreme Court declined the discretionary appeal of Griffin's state habeas proceeding as untimely and the fourth and fifth claims were not exhausted. Alternatively, the warden contends that claims one through four were waived by Griffin's guilty plea, that claims one through three are not cognizable in a habeas proceeding; and that claim five cannot be raised in a habeas corpus proceeding.

Under § 2254, a petitioner is not entitled to relief unless he can show first that he exhausted his claims in state court. § 2254(b). Then, the petitioner must show that the decision of the state court was either contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or that the decision "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

A. Procedural Default

"Federal habeas courts reviewing convictions from state courts will not consider claims that a state court refused to hear based on an adequate and independent state procedural ground." Davila v. Davis, 137 S. Ct. 2058, 2062 (2017). To overcome that bar, a petitioner must "establish 'cause' to excuse the procedural default and demonstrate that he suffered actual prejudice from the alleged error." Id. The petitioner may also overcome the bar if he can show "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The New Hampshire Supreme Court declined to hear Griffin's appeal from the denial of his habeas petition because the notice of appeal was not timely filed. Failure to file a timely appeal is a violation of state procedural rules. Coleman, 501 U.S. at 740. Therefore, the court cannot consider the claims Griffin raised in his state habeas petition because they are procedurally barred unless Griffin can meet the cause and prejudice standard.

Griffin has not met that standard. He was proceeding pro se when he filed the state habeas petition and then attempted to

appeal the state court's denial of the petition. Griffin's reference to his counsel during the criminal proceeding is misplaced as counsel did not represent Griffin for purposes of the habeas proceeding.

As a result, the court cannot consider any claims that were raised in Griffin's state habeas petition. Claim three in the federal petition repeats Griffin's claim of prosecutorial misconduct in the state petition and is barred. Claim four in the federal petition repeats Griffin's second claim of ineffective assistance of counsel in the state petition and is barred. Claims one and two do not appear to have been raised in the state petition, and claim five, challenging the revocation of his parole, also was not raised in the state petition.

B. Exhaustion

Claims brought in support of a § 2254 petition must first be raised in state court. § 2254(b). Griffin pleaded guilty and did not file a direct appeal. The only proceeding in which he raised claims was his state habeas proceeding. The claims raised in the state habeas petition are procedurally defaulted and the claims not raised there are unexhausted.

C. Guilty Plea

In addition, Griffin has waived claims one through four by pleading guilty to the charge of theft by unauthorized taking.

8

See United State v. Cordero, 42 F.3d 697, 699 (1st Cir. 1994); Mack v. Dickhaut, 2012 WL 503683, at *14 (D. Mass. Jan. 25, 2012). Griffin's claims, as allowed on preliminary review, do not challenge his guilty plea. Therefore claims one through four are also waived.

D. Pending Motions

Before preliminary review was complete, Griffin filed a motion for summary judgment along with several other motions. In light of the disposition of Griffin's claims as explained above, the motion for summary judgment is denied.

Griffin filed a "Motion for Sanctions for Attempted Brady Violation by NH A.G. Office," citing Federal Rule of Civil Procedure 37. In the motion, Griffin states that he has enclosed seven documents that were part of his state court record, which he represents contain exculpatory evidence and impeachment evidence against the Merrimack police officer who initially stopped him after the bank robbery. He asserts that "[b]y not reproducing these seven documents, [counsel for the warden] does violate Brady by attempting to keep this evidence from the Federal District Court's consideration in the above Petition for a Writ of habeas corpus." Griffin did not enclose the seven documents, as he represents he did.

Under Brady v. Maryland, 373 U.S. 83 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. As such, the requirements of Brady apply in the context of criminal proceedings. Therefore, Griffin has not shown grounds to support his motion for sanctions.

Griffin also filed a document that is titled "Affidavit for Disqualification of Magistrate Judge Andrea K. Johnstone per 28 U.S.C.A. § 455(b)(1,2)." The caption on that filing is not for this case, although Griffin used this case number and filed the affidavit in this case. Further, to the extent Griffin intended to move for the magistrate judge to recuse herself from this case, that matter is moot.

## Conclusion

For the foregoing reasons, the warden's motion to dismiss (document no. 48) is granted. The petitioner's motion for summary judgment (document no. 26) and motion for sanctions (document no. 55) are denied. The petitioner's affidavit for disqualification (document no. 56) is denied as moot. The court declines to issue a certificate of appealability as the

petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

August 30, 2017

cc: John R. Griffin, pro se
    Elizabeth C. Woodcock, Esq.