UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Griffin

    v.                              Civil No. 16-cv-382-JD
                                    Opinion No. 2017 DNH 226

Warden, New Hampshire
State Prison

O R D E R

John Griffin, proceeding pro se, sought relief from his conviction and sentence in state court pursuant to 28 U.S.C. § 2254. The court granted the warden's motion to dismiss on the grounds that the some of his claims were procedurally defaulted or waived and the remainder were unexhausted. Griffin moves for reconsideration, arguing among other things that he had raised meritorious claims that police officers lied during his suppression hearing, that the court should not have found procedural default, that he received ineffective assistance of counsel during his criminal proceeding, that his guilty plea was nullified, and that he satisfied the requirements for exhaustion. The warden did not respond to Griffin's motion.

Standard of Review

Reconsideration of an order is "'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et

al., 11 Federal Practice and Procedure § 2810.1 (2d ed. 1995)).
For that reason, reconsideration is "appropriate only in a
limited number of circumstances: if the moving party presents
newly discovered evidence, if there has been an intervening
change in the law, or if the movant can demonstrate that the
original decision was based on a manifest error of law or was
clearly unjust." United States v. Allen*,* 573 F.3d 42, 53 (1st
Cir. 2009; see also LR 7.2(d).  A motion for reconsideration
cannot succeed when the moving party is attempting "to undo its
own procedural failures" or "advanc[ing] arguments that could
and should have been presented earlier."  Allen, 573 F.3d at 53.
A motion for reconsideration also is not a means to reargue
matters that were considered and rejected in the previous order.
Biltcliffe v. CitiMortgage, Inc.*,* 772 F.3d 925, 930 (1st
Cir.2014) (internal quotation marks omitted).

## Discussion

Griffin has not shown grounds to reconsider the order
dismissing his petition.[1]  Instead, Griffin reargues his § 2254
claims and raises new theories, but not new evidence, to support
his petition.  In large part, Griffin continues to argue that

---

[1] Although the order also addressed other filings, Griffin has not moved for reconsideration on those matters.

the defense's suppression motion was improperly denied during his state criminal proceeding.

Despite his protestations to the contrary, Griffin procedurally defaulted the claims that were raised in his state court habeas petition when he failed to file a timely appeal. He has not shown cause or prejudice to excuse the default.[2] Davila v. Davis, 137 S. Ct. 2015, 2062 (2017). Therefore, the procedurally defaulted claims cannot be considered here. Id.

As explained in the prior order, Griffin also waived claims one through four by pleading guilty to the charges against him. Griffin's new attacks on his guilty plea were not raised as a claim in his petition. Therefore, those arguments do not support a motion for reconsideration.[3]

---

[2] In his motion for reconsideration as in his objection to the motion to dismiss, Griffin argues that cause exists to excuse his procedural default because his counsel provided ineffective assistance during the suppression hearing and in failing to file an interlocutory appeal of the denial of the suppression motion. The appeal at issue for purposes of procedural default is Griffin's untimely appeal of the denial of his state habeas petition, when he was not represented by counsel. Counsel's performance during the suppression hearing and counsel's failure to appeal the suppression order are not relevant to Griffin's procedural default. To the extent Griffin also argues that his arrest and incarceration during the state habeas proceeding caused him to file a late appeal, he has not shown that those circumstances caused the late appeal.

[3] Griffin challenged his guilty plea in his state habeas petition. The state court, however, found that his claim of an involuntary plea was not credible and denied habeas relief. See document no. 33-1, at 2. He did not allege that claim in his federal petition.

Griffin does not show grounds to reconsider dismissal for failure to exhaust. To proceed under § 2254, a petitioner must show that he has exhausted his claims in state court. § 2254(b)(1). In his state court petition, Griffin raised claims alleging that the denial of his motion to suppress was plain error and that his counsel provided ineffective assistance. The state court held a hearing on the petition and found that Griffin's claims "boil down to the fact that[,] after [his] Motion to Reconsider the denial of the Motion to Suppress was denied, [Griffin] claims Attorney Introcaso refused to file an interlocutory appeal to the New Hampshire Supreme Court . . . [so that] he was forced to plead guilty." Document 33-1, at 2. The state habeas court further found: "In substance, he claims that his plea was involuntary because he was not provided the effective assistance of counsel during plea bargaining." Id. The state court petition and his motion for reconsideration were denied.

Griffin raised claims in his federal petition that he did not raise in state court.[4] On preliminary review, the court

---

[4] The following claims were allowed based on preliminary review of Griffin's petition filed here:
   1. On September 11, 2013, MPD Lt. Paul Trepaney subjected Griffin to (a) a Terry stop without a reasonable suspicion that Griffin had committed a crime; and (b) a warrantless arrest without probable cause, in violation of Griffin's Fourth Amendment rights.

4

recognized that Griffin presented a mixed petition and offered options that would allow Griffin to avoid dismissal of the petition for failure to exhaust claims. See Order, document no. 12. In response, Griffin chose to stay the case in this court in order to file an appeal of the denial of his state habeas

---

2. MPD Lt. Paul Trepaney engaged in "deliberate deception" and lied under oath in the May 8, 2014 hearing on the motion to suppress evidence, in violation of Griffin's Fourteenth Amendment right to due process.
3. The prosecutor in Griffin's criminal case knowingly presented MPD Lt. Trepaney's false testimony in the May 8, 2014 hearing on the motion to suppress, in violation of Griffin's Fourteenth Amendment right to due process.
4. Griffin's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel in connection with the May 8, 2014 suppression hearing, in that:
  a. Griffin's trial counsel, Attorney Donald Blaszka, Jr., failed to offer exculpatory evidence at the suppression hearing;
  b. Trial counsel failed to read discovery materials, in preparation for the suppression hearing;
  c. Trial counsel failed to confer with Griffin, in preparation for the suppression hearing;
  d. Trial counsel failed to maintain a duty of loyalty to Griffin at the suppression hearing; and
  e. Trial counsel failed to call police witnesses MPD Det. Jim Sullivan and MPD Officer Daniel Lindblom, to impeach the testimony of Lt. Trepaney at the suppression hearing.
5. Parole Board proceedings that resulted in the revocation of Griffin's parole in June 2016 were initiated in retaliation for Griffin's May 2016 Letter to the prosecutor in Griffin's criminal case, in violation of Griffin's First Amendment rights.

5

petition with the New Hampshire Supreme Court. Order, document no. 16.

Although Griffin was notified that he had raised unexhausted claims in his federal petition and was allowed time to return to state court to exhaust his claims, he chose only to appeal the superior court's decision denying his state petition. His appeal was denied as untimely. For that reason, to the extent his claims were raised in the state court petition, they were procedurally defaulted. As a result, those claims were dismissed here, leaving only unexhausted claims. The remaining claims were dismissed because they were not exhausted. § 2254(b)(1).

Griffin did not and does not seek a second opportunity to exhaust his state court remedies. Instead, he asks the court to grant him a <u>Franks</u> hearing so that he can show that the police officers who testified at the suppression hearing were "testilying." He asks the court to grant his habeas petition based on those allegations. He has not shown that an exception to the exhaustion rule would apply in this case.

## Conclusion

For the foregoing reasons, the petitioner's motion for reconsideration (document no. 64) is denied.

6

The dismissal of the petitioner's claims due to a failure to exhaust is without prejudice to raising unexhausted claims in state court.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

October 19, 2017

cc: John R. Griffin, pro se
    Elizabeth C. Woodcock, Esq.

7